ON APPLICATIONS FOR REHEARING
MAX N. TOBIAS, JR., Judge.
11 Marjorie Slimp (“Slimp”), the defendant/appellant, and Michael J. Sartisky (“Sartisky”), the plaintiff/appellee, each filed a timely applications for rehearing after we issued our opinion in this matter on 17 September 2012. Slimp’s application contends that this court committed a mathematical and/or typographical error when performing the calculations to determine the funds due to each party.[1] Sartisky asserts other matters already addressed in our original opinion.
We acknowledge that we committed a mathematical error and amend the paragraph on page 34 and the decree on page 39 of the original opinion to read as follows:
We disagree with the accounting methodology presented by both experts. First of all, we now have the figure of net proceeds from the sale of the Harmony Street house: $800,667.28. From that sum, we first deduct the initial investment made by the parties in the house: for Sartisky, $375,243.00 and for Slimp,JJ197,372.90; that leaves a balance of $228,061.88, which we divide between the parties, each receiving $114,030.69. Giving each party credit for their reimbursable expenses, results in the total sum of $533,988.85 for Sartisky and $266,688.43 for Slimp.
⅜ * $
The rehearing application of Sartisky is denied.
Based on the foregoing, we reverse the trial court and render judgment as follows: out of the net proceeds from the sale of the Harmony Street house of $800,677.28, Michael J. Sartisky is awarded the sum of $533,988.85 and Margaret K. Slimp is awarded the sum of $266,688.43. We further affirm the trial court’s judgment dismissing the new lawsuit by Slimp against Sartisky with prejudice on the basis of res judicata. Each party is to pay his/her own costs.

REHEARING GRANTED ON APPLICATION OF MARGARET K. SLIMP; REHEARING DENIED ON APPLICATION OF MICHAEL J. SARTISKY; OPINION AMENDED; RENDERED.

. Slimp suggests that we add expenses to the initial investments before arriving at the balance to be divided between the parties; doing so results in approximately $23,000.00 more for Slimp. We find that this is inaccurate and have added the expenses after arriving at the balance that the parties will share.